UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMANTHA LYNN SIMPSON,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C21-5000-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting the standing and walking limitations and need for position changes offered by a medical provider. (Dkt. # 10.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was last insured through December 2019. AR at 17. Plaintiff was last gainfully employed in February 1, 2014. *Id.* On August 24, 2018 and October 9, 2019, Plaintiff applied for disability insurance and supplemental security benefits, respectively, alleging disability as of

ORDER - 1

February 2014. *Id*. at 15. Plaintiff's applications were denied initially, and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on April 30, 2020, via telephone due to COVID-19, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 2

## IV. DISCUSSION

### A. The ALJ Erred by Failing to Address Dr. Nolan's Opinion

The Commissioner's primary response to Plaintiff's claim of error centers around the application of the new regulations. The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit. (Dkt. # 11 at 2-8.) Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

Plaintiff claims that the ALJ erred by rejecting the opinion of consultative examiner, Raymond P. Nolan, M.D., regarding Plaintiff's standing and walking limitations and her need for position changes. (Dkt. # 10 at 3-4.) Dr. Nolan examined Plaintiff in January 2019 and found, as

to Plaintiff's functional capabilities, that "she should be able to walk about two hours and stand about two hours in an eight hour day with breaks as needed for comfort." AR at 592.

The ALJ found Dr. Nolan's opinion "somewhat persuasive." AR at 25. Specifically, the ALJ noted that:

> The exertional limitations identified by the doctor are supported by the observation of the claimant's ability to go from sitting to standing without difficulty, normal gait, intact ability to do tandem walking on walk on heels and toes, and normal strength and sensation. However, while some signs of limited range of motion were present in the lumbar spine and Patrick's test resulted in anterior groin pain on the right, there is no objective support for the doctor's opinion regarding the need for breaks or ready access to a restroom.

*Id.* at 25. The ALJ then discussed Plaintiff's issues with bowel function. *Id.* Yet, in the RFC, the ALJ stated that Plaintiff could stand and walk for six hours in an eight-hour workday despite the limitation provided by Dr. Nolan that Plaintiff could only walk and stand about two hours in an eight-hour day. AR at 20. The ALJ does not explain why she rejected this limitation, nor does she explain why she rejected the breaks needed for comfort other than to say that there is no support for finding the breaks are needed for comfort. *Id.* at 25-26.

The ALJ erred by failing to address why she rejected Dr. Nolan's opinion that Plaintiff was limited to being able to walk about two hours and stand about two hours in an eight-hour day with breaks as needed for comfort. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). "The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b)." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ failed to address Dr. Nolan's medical opinion and harmfully erred by adopting an RFC in

ORDER - 4

contrast to the medical opinion. *See* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should address all of Dr. Nolan's medical opinions regarding Plaintiff's limitations.

Dated this 26th day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge